UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
IN RE APPLICATION OF USA PURSUANT        )        ML No: 25-1504
TO 18 U.S.C. § 3512 FOR ORDER FOR        )
COMMISSIONER'S APPOINTMENT FOR           )
FRAUD INVESTIGATION                      )
_____)

*Reference:*    *DOJ Ref. # CRM-182-88771*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Dennis Hui, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Georgia.  In support of this

application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of Georgia, the Prosecutor General's Office of Georgia,

submitted a request for assistance (the Request) to the United States, pursuant to the United

Nations Convention Against Transnational Organized Crime, Dec. 12, 2000, T.I.A.S. No. 13127,

2225 U.N.T.S. 209 (the Convention).

2.      As stated in the Request, the Prosecutor General's Office of Georgia is

investigating two Georgia based companies, Ikevs LLC (Ikevs) and IPA Food Trading LLC

(IPA), and individuals associated with those companies for fraud and money laundering, which occurred approximately between November 2022 and December 2022, in violation of the criminal laws of Georgia, specifically, Articles 180 and 194 of the Georgian Criminal Code. Under the Convention, the United States is obligated to assist in response to the Request.

3.    According to Georgian authorities, on May 25, 2021, Ikevs was registered at the National Agency of Public Registry with founder and director listed as Indian citizen Tej Kanwar Singh.  On November 16, 2022, Georgian citizen Mariam Metreveli (Metreveli) became the sole shareholder of Ikevs, and on February 6, 2023, Metreveli replaced Sri Lankan citizen Malagalage Don Amith Isuru Gunawansa as director.  On January 25, 2022, IPA was registered in Georgia by a non-Georgian citizen.

4.    On November 17, 2022, Ikevs received USD 45,000 from account number XXXXXXXX7306 at Bank of America held by Victim 1.  The Georgian bank received a notification that the transaction was fraudulent on March 7, 2023.  On December 16, 2022, IPA received USD 50,000 from the same Bank of America account number XXXXXXXX7306.  This transaction was also flagged as fraudulent in March 2023.

5.    Between December 1, 2022, and December 31, 2022, a total of USD 1,178,200 was transferred to Ikevs from account number XXXXXX7945 at Fifth Third Bank held by Victim 2.  Those transactions were also flagged as fraudulent, and Victim 2 confirmed to Georgian authorities in May 2023 that he was the victim of fraud.  Of these funds, GEL 836,000 (approximately USD 305,307) were transferred from Ikevs's back account to IPA's bank account.

6.    On December 1, 2022, IPA received USD 45,000 from account number XXXXXXXX7575 at Bank of America held by Victim 3.  Through the investigation, Georgian

authorities determined that the above-mentioned transactions were the only activities within Ikevs's and IPA's bank accounts.  Georgian authorities suspect the companies were not legitimate businesses and were used to launder the funds of criminal activities.

7.     To further the investigation, Georgian authorities have asked U.S. authorities to provide bank records pertaining to account numbers XXXXXXXX7306 at Bank of America, XXXXXXXX7575 at Bank of America, and XXXXXX7945 at Fifth Third Bank, and interview the account holders who are potentially victims.

<u>LEGAL BACKGROUND</u>

8.     A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  <u>See</u> <u>Asakura v. City of Seattle</u>, 265 U.S. 332, 341 (1924); <u>United States v. The Peggy</u>, 5 U.S. 103 (1801); <u>United States v. Emuegbunam</u>, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  <u>United States v. Stuart</u>, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  <u>Zschernig v. Miller</u>, 389 U.S. 429, 440-41 (1968).  A multilateral convention is a treaty under U.S. law.

9.     The United States and Georgia entered into the Convention to promote more effective cooperation and assistance between the parties in criminal matters.  <u>See</u> Art. 1.  The Convention obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures.  <u>See</u> Art. 18.

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

In addition, the Convention, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.

10.    When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> *              *              *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> *              *              *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

11.    Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

12.    An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

---

authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

13.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has the authority:  (1) to issue an order requiring a person to appear and/or to produce documents or other things; (2) to administer any necessary oaths; and (3) to take testimony or statements and to receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or to produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

<u>REQUEST FOR ORDER</u>

14.     The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Prosecutor General's Office of Georgia, the designated Central Authority in Georgia, and seeks assistance in the investigation of fraud and money laundering—criminal offenses in Georgia. The requested Order is necessary to execute the Request, and the assistance requested, <u>i.e.</u>, the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

15.     This application is being made ex parte, consistent with U.S. practice in its domestic criminal matters.

16.     When executing a foreign request for assistance in a criminal matter, Section 3512 authorizes the use of compulsory process comparable to that used in domestic

criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

17.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Dennis Hui, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____

Dennis Hui
Trial Attorney
MD Bar Number 1712130254
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202)-514-9490
Dennis.Hui2@usdoj.gov